```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                 :
SAFEWAY, INC., et al.
                                 :
     v.                          : Civil Action No. DKC 2004-3613
                                 :
ARK OF SAFETY CHRISTIAN
CHURCH, INC.                     :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution are (1) the motion of Defendant Ark of Safety Christian Church, Inc., to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and (2) the motion of Plaintiffs Safeway, Inc. ("Safeway") and Property Development Associates ("PDA") for partial summary judgment pursuant to Rule 56. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court grants in part and denies in part Defendant's motion to dismiss, and denies Plaintiffs' motion for partial summary judgment.

Plaintiffs leased property from Michael and James Soresi ("Landlords"), and sublet that property to Defendant. When both Plaintiffs' lease ("Master Lease") and Defendant's sublease ("Sublease") expired on April 14, 2002, Defendant did not vacate. Landlords sued Plaintiffs for holdover rent. The District Court of Maryland for Prince George's County found

Plaintiffs to be holdover tenants, and ordered Plaintiffs to pay holdover rent and attorney's fees.  Plaintiffs then began proceedings to evict Defendant, issuing a Notice to Quit, and then, when Defendants did not vacate, filing a complaint.  On March 18, 2003, a consent judgment ("Consent Judgment") was entered, stating, *inter alia*, that Defendant was to vacate on or before July 31, 2003 and pay holdover rent to Plaintiffs.  Defendant did neither.

On February 13, 2004, Plaintiffs sent to Defendant a Notice of Default, requesting again that Defendant surrender possession.  In response, Defendant contended in a letter that Defendant and Plaintiffs had agreed, on August 11, 2003, to extend the term of the Sublease until July 31, 2005.  Plaintiffs contend that no such agreement was ever reached.

On November 12, 2004, Plaintiffs filed both the instant complaint and a Petition for Warrant of Restitution in the District Court of Maryland for Prince George's County to enforce the Consent Judgment.  Defendant finally vacated on February 20, 2005.  At no time has Defendant paid any rent for use of the property after April 14, 2002.

Defendant moves to dismiss the entire complaint for lack of diversity jurisdiction and under a purported theory of *res judicata* and estoppel.  As to diversity jurisdiction, Defendant

2

challenges Plaintiffs' assertion of diversity between the parties.[1] Defendant is both incorporated and located in Maryland. This court has previously found that Safeway is principally operated in California and incorporated in Delaware. *See* 03-CV-02361-DKC, paper no. 17. As in that case, Plaintiffs have now, in response, submitted sufficient documentation of those facts, and of PDA's (former) citizenship in California and Oregon. *See* paper no. 9. The court therefore retains diversity jurisdiction.

As to estoppel, Defendant asserts that Plaintiffs made no attempt to enforce the Consent Judgment until they filed the instant complaint. Citing no law, Defendant concludes that "[u]nder a theory of common sense . . . Plaintiffs acquiesced to Ark's possession of the property during that period." Even if there were law to support Defendant's theory, the motion would not succeed because there is plainly a factual dispute as to whether Plaintiffs attempted to enforce the judgment.

---

[1] Defendant's motion asserts not that diversity jurisdiction does not lie, but merely that Plaintiffs have not yet met their burden to prove it. In this case, Defendant is plainly aware that diversity lies, as it was a party to the previous case where the question of Plaintiffs' citizenship was decided. Defendant was of course within its rights to challenge diversity jurisdiction that had not yet been established by evidence in this case.

Finally, Defendant argues that the court should not grant declaratory judgment because, *inter alia*, "Plaintiff [sic] has had its declaration" in the Consent Judgment and the pending state court claim could create "unnecessary entanglement." Plaintiffs, on the other hand, move for partial summary judgment on the declaratory judgment portion of their complaint. The court will exercise its discretion under 28 U.S.C. § 2201(a) not to consider Plaintiffs' request for declaratory judgment. Plaintiffs' complaint states that declaratory judgment "is required to adjudicate the current amount due Plaintiffs by Subtenant pursuant to the Sublease." Those issues are adequately - and directly - addressed by Plaintiffs' breach of lease claim, rendering the request for declaratory judgment duplicative and unnecessary. The court will therefore grant Defendant's motion as to declaratory judgment, and deny Plaintiffs' motion. A separate Order will follow.

                                                             /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

June 9, 2005