**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND (Southern Division)**

| | |
|---|---|
| **SAFEWAY INC.**        * | |
| **(a Delaware Corporation)** | |
| **5918 Stoneridge Mall Road**       * | |
| **Pleasanton, CA 94588-3229** | |
|        * | **Civil Case No.:** |
| **and** | |
|        * | **04-cv-3613-DKC** |
| **PROPERTY DEVELOPMENT ASSOCIATES** | |
| **c/o Safeway Inc.**        * | |
| **5918 Stoneridge Mall Road** | |
| **Pleasanton, CA 94588-3229**     * | |
|        * | |
|        **Plaintiffs**      * | |
|        * | |
| **vs.**        * | |
|        * | |
| **ARK OF SAFETY**       * | |
| **CHRISTIAN CHURCH, INC.** | |
| **6130 Oxon  Hill Road, Suite 100**    * | |
| **Oxon Hill, Maryland 20745** | |
|        * | |
|    **Defendant/ Counter-Plaintiff**  * | |

_____

## ANSWER AND COUNTERCLAIMS

       COMES NOW,  ARK OF SAFETY CHRISTIAN CHURCH, INC., Defendant in the above-styled case ("ARK") and by and through its attorneys, Jill P. Carter, Esquire, and  Craig  and  Henderson, LLC,  Answers  Plaintiffs',  Safeway  Inc.'s  and  PDA's, Complaint  for  Declaratory  Judgment  and  Breach  of  Contract .   Unless  specifically admitted  herein,  Ark  denies  each  and  every  allegation  in  Plaintiffs'  Complaint  (the "Complaint").

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

For its first Defense, Defendant asserts that Plaintiffs' claim, in Count I of its Complaint, for Declaratory Judgment is barred by this Court's ORDER dated June 9, 2005 dismissing said claim.

### SECOND DEFENSE

For its Second Defense, Defendant asserts that Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed.

### THIRD DEFENSE

For its Third Defense, Defendant asserts that this honorable Court lacks personal jurisdiction and Plaintiffs' Complaint should therefore be dismissed.

### FOURTH DEFENSE

For its Fourth Defense, Defendant asserts that this venue is improper and Plaintiffs' Complaint should therefore be dismissed.

### FIFTH DEFENSE

For its Fifth Defense, Defendant asserts that service of process was insufficient and Plaintiffs' Compliant should therefore be dismissed.

### SIXTH DEFENSE

For its Sixth Defense, Defendant asserts that this honorable Court lacks subject matter jurisdiction and Plaintiffs' Complaint should therefore be dismissed.

### SEVENTH DEFENSE

For its Seventh Defense, Defendant asserts that Plaintiffs' claims are barred by the doctrine of promissory estoppel.

EIGHTH  DEFENSE

For its Eighth Defense, Defendant responds to the individually numbered paragraphs of
Plaintiffs' Complaint as follows:

1

Defendant denies the averments  contained in  Paragraph 1 of Plaintiffs'
Complaint.  Defendant notes that Plaintiff describes its principal location, in the above
case caption, as 5918 Stoneridge Mall Road, Pleasanton, California, 94588-3229.
Conversely,  the Maryland State Department of Assessments and Taxation (SDAT) lists
Plaintiff's principal office as  Fourth and Jackson Streets, Oakland, California, 94660.
Plaintiff's  Maryland resident  agent is located at 11 E. Chase Street, Baltimore,
Maryland  21202.

2

Defendant is without knowledge or information sufficient to form a belief as to
the truth of the averments contained in Paragraph  2 of Plaintiffs' Complaint concerning
the location of PDA's principal offices or the specific legal relationship between PDA
and Safeway so this shall have the effect of a denial.

3

Defendant admits the averments contained in Paragraph 3.

4

Defendant admits the averments contained in Paragraph 4.

5

Defendant denies  averments contained in Paragraph 5 because the declaratory
judgment claim has been dismissed.

6

Defendant neither admits nor denies the averments contained in  Paragraph 6.

7

Defendant denies the averments contained in Paragraph 7.

8

Defendant admits the averments contained in Paragraph 8.

9

Defendant is without knowledge or information sufficient to formulate an opinion as to the truth of the averments contained in Paragraph 9, so this shall have the effect of a denial.

10

Defendant admits the averments contained in Paragraph 10.

11

Defendant admits the averments contained in Paragraph 11.

12

Defendant admits the averments contained in Paragraph 12.

13

Defendant is without knowledge or information sufficient to formulate an opinion as to the truth of  the averments contained in Paragraph 13, so this shall have the effect of a denial.

14

Defendant denies the averments contained in Paragraph 14.

15

Defendant is without knowledge or information sufficient to formulate an opinion as to the truth of the averments contained in Paragraph 15, so this shall have the effect of a denial.

16

Defendant admits, in part, the averments contained in Paragraph 16 of the Complaint and explains , for purposes of clarification,  that Plaintiffs' agreed with Defendant's representation before the District Court of Maryland for Prince Georges County.  Plaintiffs' offered no objection, testimony, or other evidence in opposition of Defendant's position or Judge Brown's ruling.

17

Defendant admits the averments contained in Paragraph 17.

18

Defendant admits the averments contained in Paragraph 18.

19

Defendant admits the averments contained in Paragraph 19.

20

Defendant admits the averments contained in Paragraph 20.

21

Defendant admits the averments contained in Paragraph 21.

22

Defendant admits the averments contained in Paragraph 22.

23

Defendant admits the averments contained in Paragraph 23.

24

Defendant denies the averments contained in Paragraph 24.

25

Defendant admits the averments contained in Paragraph 25.

26

Defendant admits the averments contained in Paragraph 26.

27

Defendant admits with explanation the averments contained in Paragraph 27. Defendant did not vacate the Leased Premises on or before July 31, 2003, **nor did Plaintiffs' seek enforcement of the Consent Order to Vacate** *because* **Defendant and Plaintiffs' subsequently negotiated a new lease agreement.**

28

Defendant is without knowledge or information sufficient to formulate an opinion as to the truth of the averments contained in Paragraph 28, so this shall have the effect of a denial.

29

Defendant neither admits nor denies the averments contained in Paragraph 29.

30

Defendant neither admits nor denies the averments contained in Paragraph 30.

31

Defendant neither admits nor denies the averments contained in Paragraph 31.

32

Defendant neither admits nor denies the averments contained in Paragraph 32.

33

Defendant admits the averments contained in Paragraph 33.

34

Defendant denies the averments contained in Paragraph 34.

35

Defendant admits the averments contained in Paragraph 35, in part, but denies the averments made in the last sentence.

36

Defendant denies the averments contained in Paragraph 36.

37

Defendant denies the averments contained in Paragraph 37.

38

Defendant admits the averments contained in Paragraph 38.

39

Defendant denies the averments contained in Paragraph 39.

40

Defendant admits the averments contained in Paragraph 40.

41

Defendant denies the averments contained in Paragraph 41.

42

Defendant admits the averments contained in Paragraph 42.

43

Defendant admits the averments contained in Paragraph 43.

44

Defendant denies the averments contained in Paragraph 44.

45

Defendant denies the averments contained in Paragraph 45.

46-48

Defendant denies the averments contained in Count One, Paragraphs 46-48, because the Declaratory Judgment action has been dismissed.

49

Defendant denies the averments contained in Paragraph 49.

50

Defendant denies the averments contained in Paragraph 50.

51

Defendant denies the averments contained in Paragraph 51.

52

Defendant denies all remaining averments contained in Plaintiffs' Complaint not specifically admitted or otherwise addressed.

In response to the "WHEREFORE" clause of Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to relief, rent, damages, residuals, or other remedies prayed before this Court.  Having answered Plaintiffs' Complaint, Defendant prays that Defendant be awarded its costs, attorneys' fees and any other and or further relief that this Court may award.

## COUNTERCLAIMS

Defendant and Counterclaimant, ARK, through counsel, hereby submits its Counterclaims against Plaintiffs and in support hereof, states as follows:

1.    Counterclaimant is, was, and at all times relevant herein, has been a religious corporation organized under the laws of the State of Maryland.

2.    Plaintiff, Safeway, purports to be a corporation organized under the laws of the State of Delaware with a principal place of business in the State of California.

3.    Plaintiff, PDA, purports to be a former general partnership with principal offices in Portland, Oregon, which has dissolved and transferred its leasehold interest in the property at issue to Safeway.

4.  Paragraphs 1-3 are incorporated  by reference in Counts I, II, and III.

**COUNT I.**    **Breach of Contract**

5.    Plaintiffs' negotiated terms of a new lease with Defendant in August 2003. The agreed upon rent amount was $10,000.00 each month.

6.  Subsequently, Plaintiffs' refused to acknowledge or honor the terms of the new lease agreement.

7.  Due to Plaintiffs' constant harassment  and refusal to honor the terms of the new lease agreement, Defendant vacated the premises surrendering possession in February 2004.

8.  Because  Defendant's plans to complete its new location were stalled due to Plaintiffs' actions,  Defendant was forced to relocate its church services to an interim, substantially smaller location which caused Defendant to lose

9

parishioners and created a financial hardship for Defendant because it could not

accommodate Defendant's large congregation.

**COUNT II.**      **Breach of Covenant of Quiet Enjoyment/Nuisance**

9.   Plaintiffs breached the Covenant of Quiet Enjoyment with Defendant by

constantly interfering with and attempting to obstruct tenants' authorized possession of

the premises.

10.   Plaintiffs' wrongfully permitted a crab truck to park and conduct business in

front of Defendant's church causing harm and inconvenience to Defendant .

11.   Adding insult to injury Plaintiffs attempted to impose liability for the crab

truck, which was in violation of local zoning regulations, on Defendant.

**COUNT III**      **Tortious Interference with Business and Contractual Relations.**

12.  In 2004, Ark was aggressively pursuing construction financing for a new

church it had purchased, and planned to occupy as its new church home.

On or about November 2004, Ark successfully applied for a construction loan from

Mercantile-Potomac Bank.

13.   This Counterclaim arises out of Plaintiffs' actions in contacting principals

and attorneys at Mercantile-Potomac Bank in early December 2004 and wrongfully,

willfully, knowingly, and maliciously advising that Plaintiffs had a "judgment" against

Defendant for $400,000.

14.  Prior to Defendants' interference, Defendant had secured a commitment for

an $800,000 construction loan from Mercantile-Potomac Bank.

As a result of Plaintiffs' interference, Mercantile-Potomac rescinded its commitment to

Ark, and Ark did not get the loan.

15.  As a result of Plaintiff's interference, Ark's construction and relocation plans were made more difficult and unreasonably and unnecessarily delayed.

NOW, WHEREFORE, Defendant prays the following relief:

1. That this Court assess Defendant's rent liability at no more than $180,000; and

2. That this Court award compensatory and punitive damages to Defendant in an amount not less than $1 Million; and

3.  That this Court assess interest, costs, and reasonable attorneys fees against Plaintiffs; and

4. Any other further just relief.

Respectfully submitted,
JILL P CARTER, ESQUIRE
OF COUNSEL,
CRAIG AND HENERSON, LLC
207 E. Redwood Street, STE 800
Baltimore, Maryland 21202
410-727-0406
Counsel for Defendant
Ark of Safety Christina Church, Inc